# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARCUS E. LOLAR,                )
                                )
      Plaintiff,            )
                                )
v.                              )   Case No. 17-CV-137-GKF-FHM
                                )
THE STATE OF OKLAHOMA and       )
BRUCE DAVID GAMBILL,            )
                                )
      Defendants.           )

## OPINION AND ORDER

On March 16, 2017, Plaintiff Marcus E. Lolar, a pro se prisoner incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, naming the State of Oklahoma and Osage County Associate District Judge Bruce David Gambill as defendants (Dkt. 1). On that same date, Plaintiff filed a motion to proceed *in forma pauperis* (Dkt. 2), which was granted on March 20, 2016 (Dkt. 3). The initial partial filing fee was paid on March 27, 2017 (Dkt. 5).

**I.    Plaintiff's Allegations**

Plaintiff alleges his Fourth, Eighth, and Fourteenth Amendment rights were violated by Defendant Judge Gambill (Dkt. 1 at 2). He specifically claims Judge Gambill refused to allow DNA testing of exculpatory evidence that was withheld from the jury in Plaintiff's criminal prosecution. *Id*. at 3. In addition, Judge Gambill allegedly discriminated against him, because Plaintiff is black. *Id.* Finally, Plaintiff claims Judge Gambill conspired with Assistant District Attorney Mike Fisher to withhold from an all-white jury the exculpatory evidence that could have proven Plaintiff's innocence. *Id.* at 4. Plaintiff is seeking "Any and ALL Applicable relief that shall be awarded under ANY and ALL STATE and FEDERAL LAWS . . . deemed Appropriate by a jury, or $15,000,000.

*Id.* at 6.

## II. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555. Nonetheless, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). The court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v.*

2

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### III. Complaint Fails to State a Claim Upon Which Relief May be Granted.

#### A. Defendant State of Oklahoma

The State of Oklahoma is entitled to dismissal on the basis of Eleventh Amendment sovereign immunity. Absent a specific waiver of immunity or express abrogation of the State's immunity by Congress, "[n]onconsenting States may not be sued by private individuals in federal court." *Opala v. Watt*, 454 F.3d 1154, 1157 (10th Cir. 2006) (quotations omitted). The State of Oklahoma has not expressly waived its Eleventh Amendment immunity to suit in federal court. *See* Okla. Stat. tit. 51, § 152.1.

In the Tenth Circuit, the Court can consider the issue of Eleventh Amendment immunity *sua sponte*. *See V-1 Oil Co. v. Utah State Dep't of Public Safety*, 131 F.3d 1415, 1420 (10th Cir. 1997). Moreover, the Supreme Court has held that § 1983 does not abrogate state sovereign immunity. *Will*

*v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Therefore, Plaintiff's claims against the State of Oklahoma are dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b). *See Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011).

### B. Defendant Judge Bruce David Gambill

Defendant Judge Gambill is entitled to absolute judicial immunity for his actions regarding Plaintiff's criminal prosecution. It is well established that "[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion." *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (quoting *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006)). The Court finds Judge Gambill was "performing judicial acts and [was] therefore clothed with absolute judicial immunity." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994), *cert. denied*, 513 U.S. 832 (1994). Plaintiff's claims for money damages against Judge Gambill are dismissed with prejudice, pursuant to 28 U.S.C. § 1915A(b).

### IV. "Prior Occasion" under 28 U.S.C. § 1915(g)

As noted above, Plaintiff was granted leave to proceed *in forma pauperis*. Because Plaintiff has failed to state a claim upon which relief may be granted, the dismissal of the complaint shall count as a "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant State of Oklahoma is **dismissed without prejudice** pursuant to 28 U.S.C. § 1915A(b), based on Eleventh Amendment sovereign immunity.

2. Defendant Judge Bruce David Gambill is **dismissed with prejudice** pursuant to 28 U.S.C. § 1915A(b), based on absolute judicial immunity,

3. The Clerk is directed to **flag** this dismissal as a "prior occasion" pursuant to 28 U.S.C. § 1915(g).

4. Plaintiff remains obligated to pay in monthly installments the balance of the **$350** filing fee for this case.

5. This is a final Order terminating this action.

**DATED** this 26th day of May 2017.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT